FILED
SUPERIOR COURT
OF GUAM

2025 FEB 24 PM 12: 09

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| CHRIS BRUB,<br><br>        Plaintiff,<br><br>    vs.<br><br>CW HOLDINGS, LLC; LTP CONSTRUCTION; FERDINAND PERMALINO,<br><br>        Defendants. | CIVIL CASE NO. CV0546-23<br><br>**DECISION AND ORDER**<br>*Re: Defendant's Motion for Summary Judgment, Alternatively Motion to Dismiss the Complaint* |

This matter came before the Honorable Arthur R. Barcinas on November 27, 2024 for a hearing on Defendant CW Holdings, LLC's ("CWH") Motion for Summary Judgment, alternatively Motion to Dismiss the Complaint ("Motion"), filed on September 30, 2024. Plaintiff Chris Brub ("Plaintiff") was represented by Attorney Charles H. McDonald II. CWH was represented by Attorney Jon Ramos. Upon consideration of the parties' arguments, the pleadings, and the applicable law, the Court **GRANTS** the Motion.

## BACKGROUND

CWH is the owner and developer of Medical Arts Center ("MAC"). On February 3, 2021, CWH and Defendant LTP Construction executed a Construction Agreement Between Owner and Contractor Where the Basis of Payment is a Stipulated Sum ("Agreement"). LTP was hired by CWH under the Agreement as an independent contractor. On February 8, 2021,

CWH issued a Notice to Proceed to LTP, but CWH asserts that LTP never performed any of its duties. In August 2021, Defendant Permalino, owner of LTP, approached Plaintiff and proposed to enter into an agreement forming a general partnership for construction. On September 2, 2021, Plaintiff tendered two hundred and sixty-five thousand dollars ($265,000.00) to LTP, and Plaintiff and Permalino signed a Memorandum of Agreement and executed the promissory note for Plaintiff's investment. Some time later, Permalino absconded from Guam with Plaintiff's investment, financially damaging Plaintiff. CWH asserts that, as a result of Permalino's abscondence, CWH has also sustained financial damages and has had to find another contractor for the MAC project.

On September 1, 2023, Plaintiff brought this action against CWH and its co-defendants, LTP Construction and Ferdinand Permalino (collectively, "Defendants"), alleging claims for breach of contract and fraud against Defendants LTP Construction and Permalino, and alleging a claim of negligence against CWH. In the negligence claim, Plaintiff alleged that CWH had a duty to properly vet Permalino and LTP's ability to finance the project, to supervise Permalino and LTP as CWH's purported agents, and to warn the community that Permalino and LTP were no longer associated with the project as of June or July 2021. Plaintiff asserts that CWH breached all of these alleged duties. On March 27, 2024, default was entered against Permalino and LTP, but Plaintiff continued to seek damages from CWH.

On September 30, 2024, CWH filed the instant motion for summary judgment or, alternatively, to dismiss the complaint pursuant to Guam Rules of Civil Procedure ("GRCP") 41(b) for failure to prosecute. CWH argued that it was not party to the agreement between LTP and Plaintiff, and that the Complaint should be dismissed for failure to prosecute due to an allegedly unreasonable delay.

On October 25, 2024, Plaintiff filed his opposition, arguing that LTP and Permalino were CWH's agents for the MAC project, and that securing financing for completion of the MAC project was within the scope of the alleged authority conferred upon LTP and Permalino by CWH in their Construction Agreement. Plaintiff also asserted that he had committed no unreasonable delay in pursuint this case.

On November 12, 2024, CWH filed its reply, maintaining that CWH was not liable for the actions of LTP, that it was Plaintiff who had formed a general partnership with LTP, and that Plaintiff had failed to prove the delay was reasonable and without prejudice to CWH.

On November 27, 2024, after the hearing, the Court took the matter under advisement.

## LEGAL STANDARD

Under Rule 56 of the Guam Rules of Civil Procedure (GRCP), summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Guam Resorts, Inc. v. G.C. Corp.*, 2013 Guam 18 ¶ 36. The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact; however, if met, the burden then shifts to the non-moving party to produce significant probative evidence establishing a triable issue. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The court must view the evidence and draw inferences in the light most favorable to the non-moving party. *Edwards v. Pacific Financial Corp., 2000 Guam 27*. A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 8.

"An employer generally is not liable for the tortious acts of an independent contractor," except when the employer delegates a non-delegable duty to that contractor. *Carroll v. Federal Exp. Corp.*, 113 F.3d 163, 165 (9th Cir. 1997). "The distinction between an employee and independent contractor is determinative as to whether an injured person is entitled to compensation." *Villalon v. Hawaiian Rock Products, Inc.*, 2001 Guam 5 ¶ 26. An independent contractor relationship is established when the hiring party controls only the result of the work, not the means by which it is accomplished. *Millsap v. Fed. Express Corp.*, 277 Cal.Rptr. 807, 810-11 (Cal. Ct. App. 1991). "The most significant factor in determining the existence of an employer-independent contractor relationship is the right to control the manner and means by which the work is to be performed." *Id.* The Guam Supreme Court has applied six factors in determining the existence of an independent contractor relationship:

> (1) The degree of skill involved;
> (2) The degree to which there was a separate calling or business;
> (3) The extent to which the contractor could be expected to carry their own accident burden;
> (4) The extent to which the contractor's work was a regular part of the employer's regular work;
> (5) The extent to which the claimant's work was continuous or intermittent; and
> (6) Whether the duration of the job was sufficient to amount to the hiring of continuing services as distinguished from contracting for the completion of the particular job.

*Bondoc v. Worker's Comp. Com'n*, 2000 Guam 6 ¶ 12. These factors are "used primarily in worker's compensation cases but [have] been found useful in other contexts," such as this one. *Villalon*, 2001 Guam 5 ¶ 25.

Under GRCP Rule 41(b), a defendant may move to dismiss an action or claim for failure to prosecute, failure to comply with the GRCP, or failure to comply with a court order. Guam courts consider five factors when considering dismissal under GRCP 41(b):

(1) The public's interest in expeditious resolution of litigation;
(2) The Court's need to manage its docket;
(3) The risk of prejudice to the defendants;
(4) The public policy favoring disposition of cases on their merits; and
(5) The availability of less drastic sanctions.

*United Pac. Islanders' Corp. v. Cyfred, Ltd.*, 2017 Guam 6 ¶ 20. When balancing these factors, dismissal is appropriate if at least four factors favor dismissal or three factors strongly support dismissal. *Id.* ¶ 21. The Court refrains from dismissing a case under GRCP 41(b) for failure to prosecute if the delay is reasonable. *Id.* ¶ 24. "A delay is unreasonable if there is a significant period of total inactivity by the plaintiff, the plaintiff fails to adhere to repeated warnings that a dismissal will result from continued failure to proceed, or the plaintiff fails to obey court rules and court orders." *Id.* The Supreme Court gives deference to the trial court in determining the reasonableness of a delay "because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." *Id.* ¶ 25.

## DISCUSSION

CWH argues that summary judgment should be granted, alleging that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. The central issue in this case is whether CWH is liable for LTP Construction's actions. There is no factual dispute between Plaintiff and CWH as to LTP's actions, merely the question of CWH's liability, which is a legal question.

### A. Agency Relationship

Plaintiff first argues that CWH is liable for Plaintiff's claims against LTP because CWH allegedly had an agency relationship with LTP. The Court disagrees, as all evidence points to LTP being an independent contractor rather than an agent of CWH. "An individual acting as an 'independent contractor,' rather than an agent, does not have the traditional agency relationship

with the principal necessary for vicarious liability." *United States v. Bonds*, 608 F.3d 495, 505-06 (9th Cir. 2010). In applying the Guam Supreme Court's six-factor test from *Bondoc*, the Court finds that LTP sufficiently meets the criteria to qualify as an independent contractor. 2000 Guam 6 ¶ 12.

1. **Degree of skill involved:** Construction is a specialized trade requiring expertise, which weighs in favor of independent contractor status.

2. **Separate calling or business:** LTP is engaged in construction, which is a related but ultimately separate business from CW Holdings' property development role. Mot., at 2.

3. **Extent to which LTP could be expected to carry their own accident burden:** CWH states in its Motion that it "only had a duty to ensure safety conditions and duty of a reasonable care." Mot., at 6. This could be construed as weighing against LTP being an independent contractor.

4. **Extent to which LTP's work was a regular part of CWH's work:** Again, CWH is a property developer, not a construction firm, so LTP's work would not be part of its core business operations. Mot., at 2. This would also weigh in favor of LTP being an independent contractor.

5. **Extent to which LTP's work was continuous or intermittent:** The MAC contract was project-based rather than continuous employment, weighing in favor of independent contractor status.

6. **Whether the duration of the job was sufficiently equal to hiring for continuing services:** The MAC contract was for the completion of a specific job, not ongoing employment, again weighing in favor of independent contractor status.

Based on the above, the Court finds that the factors weigh heavily in favor of LTP being an independent contractor, not an agent of CWH, and thus Plaintiff's claims based on an agency theory fail. The Court finds for CWH on this issue.

### B. Lack of Privity of Contract

Regarding Plaintiff's breach of contract claims, CWH argues that it never entered into or breached any agreement with Plaintiff and that Plaintiff's damages were incurred due to his partnership with Permalino, not the actions of CWH. The Court agrees. The Construction Agreement was between CWH and LTP, and there is no evidence of a direct contractual relationship between Plaintiff and CWH. Further, as established above, LTP was an independent contractor, and thus under the facts of this case, CWH is not a party to the contract LTP entered into with Plaintiff, unless there is evidence of CWH's direct involvement or control over the contract, which has not been established. Thus, the Court also finds for CWH on this issue.

### C. Fraud and Negligence Claims

Plaintiff's fraud and negligence claims against CWH are based on the contract between Plaintiff and LTP, and the subsequent actions of Permalino and LTP. However, as established above, there is no evidence that CWH was involved in or had knowledge of Permalino's fraudulent scheme. Further, CWH's duty as the employer and developer of the MAC project was to ensure safety and reasonable care within the project area, which does not extend to supervising Permalino's financial dealings. By contract, Permalino was delegated the responsibility of providing "adequate and sufficient labor, materials, machinery, equipment, tools and supplies as may be required for the Work." Compl., Ex. A, at 2. As is standard practice for independent contractors, the responsibility for the expenses and fees associated with

providing said items rests with the contractor. If Permalino defrauded Plaintiff under the guise of a loan to finance the provision of those items, then the fault is entirely Permalino's. Therefore, Plaintiff's fraud and negligence claims against CWH also fail as a matter of law. The Court also finds for CWH on this issue.

Based on the above, there being no genuine issue of material fact, the Court finds that CWH is entitled to judgment as a matter of law on all claims. Accordingly, the Court will **GRANT** summary judgment in favor of CWH.

### D. **Failure to Prosecute**

Finally, CWH also argues that Plaintiff has failed to prosecute the case as pursuant to GRCP 42(a). The Court notes that there has been significant delay in moving the case forward. Since the filing of the Discovery Plan, Order, and Scheduling Order on April 1, 2024, Plaintiff has not taken any meaningful action to advance the case. The Court finds that this unreasonable delay has prejudiced CWH. Upon application of the five factors typical of 41(b) analysis, the Court finds that the public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice of defendants strongly support dismissal such that those factors outweigh the public policy favoring disposition on the merits and the availability of less drastic sanctions. Dismissal is appropriate if at least four of the factors favor dismissal or three factors strongly support dismissal. *Cyfred*, 2017 Guam 6 ¶ 20. Thus, the Court finds that dismissal of this action is warranted under GRCP 41(b).

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has not stated any genuine issue of material fact, nor has he demonstrated why CWH is not entitled to judgment as a matter of law. Further, even if CWH were not entitled to summary judgment, Plaintiff has failed to

prosecute the case in a timely manner, and would thus be subject to dismissal. Accordingly, Defendant CWH's Motion for Summary Judgment, Alternatively, Motion to Dismiss the Complaint is **GRANTED.**

**IT IS SO ORDERED** _____ FEB 2 4 2025 _____ .


**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**